**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **KATHLEEN JENNINGS** | **CIVIL ACTION NO. 08-0304** |
| **VS.** | **SECTION P** |
| **MARIANA LEGER, WARDEN** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Kathleen Jennings, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, filed this *pro se* petition for writ of *habeas corpus* (28 U.S.C. §2254) attacking her 2003 conviction for second degree murder in the Fourth Judicial District Court, Morehouse Parish. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

***Statement of the Case***

On April 5, 2001, petitioner was indicted and charged with first degree murder by the Morehouse Parish Grand Jury. [doc. 1-3, p. 10] On May 6, 2003, the indictment was amended to charge second degree murder. Petitioner's jury trial concluded on May 13, 2003, and petitioner was found guilty as charged. [doc. 1-3, p. 11] On July 29, 2003, petitioner was sentenced to life without benefit of parole. [doc. 1-5, Exhibit 1A, p. 4]

On June 16, 2004, petitioner filed a motion for an out-of-time appeal which was granted

on June 18, 2004. [doc. 1-5, p. 34[1]] Appellate counsel was appointed and in due course, counsel filed a brief raising a single assignment of error concerning the admissibility of petitioner's inculpatory statements at trial. [doc. 1-5, pp. 5-28, Exhibit 1C] On March 2, 2005, the Second Circuit affirmed petitioner's conviction. *State of Louisiana v. Kathleen Jennings*, 39,543 (La. App. 2 Cir. 3/2/2005), 895 So.2d 767. [See also, slip opinion, doc. 1-5, pp. 51-62, Exhibit 1E] On March 23, 2005, petitioner filed a *pro se* application for writs in the Louisiana Supreme Court. [doc. 1-5, pp. 63-76, Exhibit 1F] On December 16, 2005, the Supreme Court denied writs. *State of Louisiana v. Kathleen Jennings*, 2005-1239 (La. 12/16/2005), 917 So.2d 1107. [See also doc. 1-5, p. 77, Exhibit 1F1] Petitioner did not seek further review in the United States Supreme Court. [doc. 1, ¶6(d)]

In January 2006 petitioner filed a series of *pro se* motions seeking production of free copies of documents and transcripts. On March 14, 2006, the court ordered that some of the documents be provided at no cost to petitioner but specifically denied that she was entitled to free copies of transcripts because petitioner had not shown a particularized need for those documents. On July 20, 2006, petitioner again filed a motion seeking transcripts of all pre-trial hearings, jury selection, opening statements and closing arguments and verdict transcripts. On August 15, 2006, the trial court denied petitioner's motions. The trial judge specifically noted that petitioner's appellate counsel had previously provided petitioner with copies of the transcripts of the pre-trial

---

[1] Petitioner has not provided a copy of the motion for out-of-time appeal or the order granting same. These facts were attested to by petitioner's court-appointed appellate counsel in the brief on appeal. Counsel wrote, "On June 16, 2004, a written Motion for Out of Time Appeal and Designation of Record was signed by the Trial Court and filed for record on June 18, 2004, from which this appeal has been perfected. (Record pp. 135-137)" doc. 1-5, p. 34. The Court of Appeals also noted, "The defendant, Kathleen Jennings, was found guilty as charged of second degree murder and sentenced to mandatory life imprisonment without benefits. In this out-of-time appeal, the defendant challenges the admission into evidence of three conflicting oral statements given by her to the police in the hours following the crime." *State v. Jennings*, 39,543 (La. App. 2 Cir. 3/2/2005), 895 So.2d 767, 768.

sanity hearings and that petitioner had not specified any other hearings of significance that were encompassed by her request. With respect to the remaining requests, the court denied the motion because petitioner had not alleged a particularized need for the transcripts. [doc. 1-5, pp. 96, 102-104, Exhibits 1I and 1K]

On September 20, 2006, petitioner filed a *pro se* application for post-conviction relief in the Fourth Judicial District Court raising claims of ineffective assistance of counsel, failure of the State to reveal "... biased, impeachment and exculpatory material that should have been provided..."; and, denial of the right to judicial review based on an incomplete court record. [doc. 1-4, pp. 70-108, Exhibit 1]

On January 7, 2007, the District Court denied relief. [doc. 1-4, pp. 61-66, Exhibit 2] Petitioner timely applied for writs of review in the Second Circuit Court of Appeals. [doc. 1-4, pp. 31-60, Exhibits 3 and 4] On March 8, 2007, the Second Circuit denied writs. *State of Louisiana v. Kathleen Jennings*, 42350-KH. [doc. 1-4, p. 30, Exhibit 5]

On March 27, 2007, petitioner applied for writs to the Louisiana Supreme Court. [doc. 1-4, pp. 2-23, Exhibit 6] On January 25, 2008, the Supreme Court denied writs. *State of Louisiana ex rel. Kathleen Jennings v. State of Louisiana*, 2007-0807 (La. 1/25/2008), 973 So.2d 747. [See also doc. 1-4, p. 1, Exhibit 7]

Petitioner signed her petition for writ of *habeas corpus* on February 15, 2008. [doc. 1-3, pp. 40-41; see also footnote 1 at p. 7] It was mailed on February 26, 2008. [doc. 1, p. 10]

***Law and Analysis***

***1. Limitations – 28 U.S.C. §2244(d)(1)(A)***

This petition was filed after the effective date of the Anti-Terrorism and Effective Death

Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. §2244(d). *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal her conviction and sentence within the time limits established by Louisiana law. Thus, for AEDPA purposes, petitioner's judgment of conviction and sentence, at

---

[2] Nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered. To the extent that petitioner claims that State created impediments prevented her timely filing (see 28 U.S.C. § 2244(d)(1)(B)) that claim is addressed in Part 2, below.

the latest, "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], five days (exclusive of holidays) following July 29, 2003 (the date petitioner was sentenced, see doc. 1-5, p. 4, Exhibit 1A) or, on or about August 5, 2003.[3] See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003) (if defendant stops the appeal process before entry of judgment by the court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires.) Petitioner had one year, or until August 5, 2004 to file her federal *habeas corpus* petition.

According to the record submitted by the petitioner, she filed a motion for an out-of-time appeal on June 16, 2004. [See doc. 1-5, p. 34] Under Louisiana law, leave to file an out-of-time appeal is obtained through the collateral review process. See *State v. Counterman*, 475 So.2d 336, 338-39 (La.1985) (the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal, after the time for filing an appeal has expired, is an application for post conviction relief). Thus, the "motion" filed on June 16, 2004, served to toll the limitations period during its pendency as provided in 28 U.S.C. §2244(d)(2) since the motion was in the nature of an "... application for State post-conviction or other collateral review..." However, a

[3] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction and sentence, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. The amendment became effective on August 15, 2003 [See LA Bill Hist., 2003 Reg. Sess.] after petitioner's sentencing date. Thus, the court must apply the pre-amendment version of Art. 914 to determine finality of judgment.

La. C.Cr.P. art. 13 provides in pertinent part, "In computing a period of time allowed or prescribed by law ... the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday... A legal holiday is to be included in the computation ... except when ... [t]he period is less than seven days." Since the period prescribed is less than seven days, the intervening weekends, which are considered legal holidays, have not been included in the computation of finality of judgment. Petitioner was sentenced on Tuesday, July 29, 2003. Saturday August 2, and Sunday August 3, 2003 were legal holidays and thus not counted. The five day period for filing an appeal thus expired on Tuesday August 5, 2003, ten days before the amendments took effect.

period of 315 days of the one-year limitation period elapsed between the date petitioner's judgment of conviction became final (August 5, 2003) and the date the pleading seeking an out-of-time appeal was filed (June 16, 2004). And, as shown above, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

The out-of-time appeal process continued to toll the limitations period until December 16, 2005, when the Louisiana Supreme Court denied writs. *State of Louisiana v. Kathleen Jennings*, 2005-1239 (La. 12/16/2005), 917 So.2d 1107. However, petitioner's "... application for State post-conviction or other collateral review..." ceased to be pending once the Supreme Court denied writs, and the limitations period began to run anew on December 17, 2005. Thereafter, a period of 277 days elapsed before September 20, 2006, the date petitioner filed her application for post-conviction relief in the Fourth Judicial District Court. [doc. 1-4, Exhibit 1, pp. 70-108]. Thus, by the time petitioner filed her application for post-conviction relief, the AEDPA limitations period had already expired.

Petitioner may argue that when the Fourth Judicial District Court granted her motion for an out-of-time appeal, her AEDPA limitations clock was "restarted" as of the date upon which the out-of-time appeal process concluded. Stated another way, petitioner may argue that her conviction did not become "final" until the conclusion of the out-of-time appeal process, and, since the one-year limitations period codified at § 2244(d) commences on "... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...", petitioner had a full year reckoned from the date that the out-of-time

appeal process concluded within which to file her petition.

A similar argument was rejected by the Fifth Circuit. In *Salinas v. Dretke*, 354 F.3d 425 (5th Cir.2004), *certiorari denied*, 541 U.S.1032, 124 S.Ct. 2099, 158 L.Ed.2d 714 (2004), the court examined the effects of an out-of-time appeal on the AEDPA's timeliness provisions.

Salinas was convicted of murder and sentenced to life imprisonment by a Texas court. Like Louisiana, Texas provides for an appeal of right to an intermediate court of appeals and thereafter, the opportunity to seek discretionary review in Texas's court of last resort, the Court of Criminal Appeals. Salinas's conviction was affirmed by the intermediate court of appeals on July 20, 2000. However, his attorney failed to apply for discretionary review in the Court of Criminal Appeals within the thirty day period provided by law. Under Texas law, discretionary review by the Court of Criminal Appeals is considered to be part of the direct review process. The process ends either when discretionary review is denied or when the time for filing the petition for review lapses. Thus, Salinas's judgment of conviction became final when he failed to timely file his petition for discretionary review. Under the timeliness provisions of the AEDPA, he had one year from that date to file for federal *habeas* relief. Sometime during the summer of 2001, Salinas filed a state *habeas* application which, under § 2244(d)(2), tolled the limitations period during its pendency. His state *habeas* ceased to be "pending" when the Court of Criminal Appeals denied relief. At that point, Salinas had only eighteen days remaining of the one-year AEDPA limitations period. Unfortunately, he failed to file his federal *habeas* until sometime later and it was therefore dismissed as time-barred by the United States District Court.

Meanwhile, and unbeknownst to the District Court, the Texas Court of Criminal Appeals had, in October 2002, reconsidered Salinas's state *habeas* petition and granted him the right to

file an out-of-time petition for discretionary review *sua sponte.*[4]

On appeal to the Fifth Circuit, Salinas argued that (1) when Texas's high court granted him the right to file an out-of-time petition for discretionary review, it restored him to the position he was in when he first had the right to seek discretionary review; and, (2) since he still had the right to file for discretionary review, he should be considered to be in the midst of the direct review process; and, (3) therefore, the AEDPA statute of limitations could not have lapsed because the period could begin only on the conclusion of direct review. Or, as this argument was summarized by the Fifth Circuit, "Thus, Salinas argues, his conviction was 'definalized,' and the statute of limitations – though legitimately initiated in August 2000 – should be deemed to have begun again with the rejection of the PDR in January 2003." *Id.* at 429. The Fifth Circuit rejected Salinas's argument observing,

> On its face, AEDPA provides for only a linear limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between. See § 2244(d)(1), (2). So long as the petitioner is being held pursuant to the same state court judgment, nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action. Rather, the statutory framework only provides for the tolling of limitations during the pendency of state collateral review. See § 2244(d)(2).
>
> Thus, the issue is not whether the Court of Criminal Appeals' action revitalized Salinas's limitations period, but rather whether the existence of that potential relief prevents the limitations period from starting to run until after that level of appeal has been denied. That is to say, we need to determine whether, in Texas, the mechanism by which Salinas obtained the right to file an 'out-of-time' PDR is part of the direct or collateral review process. If that relief comes as a result of

[4] As noted by the Fifth Circuit, quoting the Texas'sCourt's order, "The effect of this was to 'return [Salinas] to the point at which he can file a petition for discretionary review.... For the purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of Appeals' decision had been rendered on the day the mandate of the Court of Criminal Appeals issues.' *Ex Parte Salinas*, No. 74,462 at 2 (Tex.Crim.App.2002). Thus, under state law, Salinas was restored to the position of a recently convicted felon, eligible to pursue a form of direct review in the Court of Criminal Appeals." *Salinas v. Dretke*, 354 F.3d at 428.

> direct review, there would be no basis for limitations even to begin running until the Court of Criminal Appeals has finalized the judgment by declining to grant relief on that level of appeal. If, on the other hand, an 'out-of-time' PDR is awarded only as a result of the collateral review process, limitations is tolled merely while the petitioner seeks to obtain that relief.

*Salinas v. Dretke*, 354 F.3d at 429-430 (emphasis supplied).

Thereafter, the Fifth Circuit analyzed Texas law and concluded that the Court of Criminal Appeals was authorized to grant Salinas his out-of-time petition only through the collateral review process of the Texas *habeas* statute. Thus, the court concluded,

> As a result, when a petitioner convicted in the Texas system acquires the right to file an 'out-of-time' PDR, the relief tolls AEDPA's statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief, but it does not require a federal court to restart the running of AEDPA's limitations period altogether.... Therefore, because Salinas's right to file the 'out-of-time' PDR is necessarily the product of state habeas review, it does not arise under the 'direct review' procedures of the Texas judicial system. Accordingly, the Court of Criminal Appeals' granting of Salinas's writ does not alter the fact that limitations set forth in 28 U.S.C. § 2244(d)(1)(A), properly began to run on August 21, 2000, and fully lapsed on March 31, 2002.

*Id.* at 430-431.

This reasoning is applicable to the instant case. As noted above, in Louisiana the only mechanism which can be employed to reinstate lapsed appeal rights to grant an out-of-time appeal is the Application for Post-Conviction Relief. See *State v. Counterman*, 475 So.2d 336 (1985). In *Counterman*, the Louisiana Supreme Court held:

> La.C.Cr.P. Art. 915 requires the court to order an appeal when a motion for appeal is made in conformity with Articles 912, 914 and 914.1. However, when a defendant fails to make a motion for appeal within the time provided in Article 914, he loses the right to obtain an appeal by simply filing a motion for appeal in the trial court. This is not because the trial court has been divested of jurisdiction, as was held in *State v. Braxton*, 428 So.2d 1153 (La .App. 3rd Cir.1983), but because the conviction and sentence became final when the defendant failed to appeal timely.

> After the time for appealing has elapsed, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal.

*State v. Counterman*, 475 So.2d at 338. (emphasis supplied)

And, concluded the Court, "... the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal, after the delay provided in Article 914 has expired, is an application for post conviction relief pursuant to Articles 924-930.7." *Id.* at 339. (emphasis supplied.)

In this case, petitioner's out-of-time appeal could be granted only after she asserted that right through Louisiana's collateral review process. She, like Mr. Salinas, was not thereby entitled to have her conviction "de-finalized." The collateral review process, started with the filing of petitioner's motion for an out-of-time appeal, proceeded through her out-of-time appeal in the Second Circuit and concluded when the Louisiana Supreme Court denied writs.

To the extent that petitioner relies on the motions for transcripts and documents[5] to toll the limitations period, her reliance is misplaced because these motions and applications are not "... State post-conviction or other collateral review..." sufficient to toll the AEDPA limitations

[5] As noted above, sometime in January 2006 petitioner filed a series of *pro se* motions seeking production of free copies of documents and transcripts. On March 14, 2006, the court ordered that some of the documents be provided at no cost to petitioner but specifically denied that she was entitled to free copies of transcripts because petitioner had not shown a particularized need for those documents. On July 20, 2006, petitioner again filed a motion seeking transcripts of all pre-trial hearings, jury selection, opening statements and closing arguments and verdict transcripts. On August 15, 2006 the trial court denied petitioner's motions. The trial judge specifically noted that petitioner's appellate counsel had previously provided petitioner with copies of the transcripts of the pre-trial sanity hearings and that petitioner had not specified any other hearings of significance that were encompassed by her request. With respect to the remaining requests, the court denied the motion because petitioner had not alleged a particularized need for the transcripts. [doc. 1-5, pp. 96, 102-104, Exhibits 1I and 1K]

period.[6]

In short, if the AEDPA limitations period is calculated pursuant to the provisions of 28 U.S.C. §2244(d)(1)(A), then the instant petition is time-barred.

***2. State Created Impediments – 28 U.S.C. §2244(d)(1)(B)***

To the extent that petitioner implies that the limitations period should be reckoned as provided in §2244(d)(1)(B), her claim fares no better. Under the terms of that section and subsection, the AEDPA's limitation period is reckoned from "... the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action..."

---

[6] See *Brisbon v. Cain*, 2000 Wl 45872, *2 (E.D.La.2000)("Because [a motion for transcripts] is preliminary in nature and does not directly call into question the validity of a defendant's conviction or sentence, the Court does not believe that it qualifies as an '...application for State post-conviction or other collateral review with respect to the pertinent judgment or claim...' so as to suspend the running of the one-year statute of limitations under § 2244(d)(2).); *Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir.2002) citing *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir.1997) (motion for appointment of counsel does not toll the one-year limitation period because a habeas petition is pending only after the petition itself is filed); See also *Myers v. Cain*, 2001 WL 1218763, *4 (E.D.La., 2001)(An ancillary civil action which sought evidence relative to the claims petitioner wished to pursue in post-conviction relief, is not "... State post-conviction or other collateral review..." since such ancillary action, even if successful, would still have been insufficient to have the pertinent conviction or sentence set aside); *Soileau v. Cain*, 2005 WL 1629945 (W.D. La. 2005); *Jackson v. Cooper*, 2006 WL 2193427 (W.D.La. 2006); *Coleman v. Cain*, 2006 WL 2589215 (E.D.La. 2006)(Citing *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr.12, 1999) (Table, Text in Westlaw)("... a motion for transcripts or copies ... is not 'other collateral review' which would entitle a petitioner to statutory tolling under Section 2244(d)(2)..."); *Gerrets v. Futrell*, 2002 WL 63541 (E.D.La. 2002)(A motion for a free copy of guilty plea and sentencing transcript does not qualify as an "... application for State post-conviction or other collateral review ..." so as to toll the limitation period under Section 2244(d)(2) because it is preliminary in nature and did not directly call into question petitioner's conviction or sentence.).

Additionally, it should be noted that even if petitioner were entitled to rely upon these filings to toll the limitations period, her claim would still be time-barred. As shown above, a period of 592 days elapsed untolled between finality of judgment and the date petitioner filed her September 9, 2006 application for post-conviction relief. That proceeding remained pending until January 25, 2008 when the Louisiana Supreme Court denied writs. *State of Louisiana ex rel. Kathleen Jennings v. State of Louisiana*, 2007-0807 (La. 1/25/2008), 973 So.2d 747. Thereafter, another 21 days elapsed before February 15, 2008, the date petitioner filed her federal habeas *corpus* petition. Even if the AEDPA limitations period is tolled for the 230 days or so that her requests for documents remained pending, a period well in excess of 365 untolled days elapsed.

The record herein reflects that petitioner's motion to obtain certain court records was granted in part and denied in part. Petitioner apparently obtained some of the transcripts she requested from her court-appointed appellate attorney. The District Court denied her free copies of other transcripts requested because petitioner was unable to demonstrate a particularized need for those transcripts. Petitioner has not shown how she was impeded from filing either her state post-conviction applications or the instant *habeas corpus* petition as a result of the court's refusal to provide her with free copies of various transcripts.

While the Fifth Circuit has not issued a published decision precisely on point, other federal circuits have held that problems associated with obtaining transcripts do not amount to an impediment for purposes of § 2244(d)(1)(B). See *Lloyd v. Van Natta*, 296 F.3d 630, 632-33 (7th Cir.2002); *Randolph v. Taylor*, 69 Fed. Appx. 824, 825 (9th Cir.2003); *Miller v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir.2002); *Crawford v. Costello*, 27 Fed. Appx. 57 (2nd Cir.2001). This is so because the lack of transcripts alone does not *prevent* a petitioner from seeking post-conviction or *habeas* relief. *Lloyd v. Van Natta*, 296 F.3d at 633.

Further, although her request for free copies of certain transcripts was denied, she did not have a constitutional right to a free copy of the records for purposes of a collateral challenge to her conviction. See *United States v. MacCollom*, 426 U.S. 317, 323-24 (1976).

***3. Equitable Tolling***

Finally, petitioner's pleadings and exhibits do not suggest extraordinary circumstances such as to warrant the application of equitable tolling thus exempting petitioner's claims from dismissal under §2244(d)(1). The one-year limitation period is subject to equitable tolling, but only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert.*

*denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that she was prevented in any way from asserting her rights.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and she is not eligible for the benefits of either statutory or equitable tolling.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, May 13, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE