# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **KATHLEEN JENNINGS** | **CIVIL ACTION NO. 08-0304** |
| **VS.** | **JUDGE ROBERT G. JAMES** |
| **MARIANA LEGER, WARDEN** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by Petitioner Kathleen Jennings ("Jennings"). Jennings attacks her 2003 conviction for second degree murder in the Fourth Judicial District Court, Morehouse Parish. On May 13, 2008, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 4] recommending that the Court deny Jennings' petition as untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

In the Report and Recommendation, the Magistrate Judge correctly states the law on equitable tolling as follows:

> "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that she was prevented in any way from asserting her rights.

[Doc. No. 4, p. 13].

However, in her Objections, Jennings suggests that her time for filing for habeas relief in this Court should be tolled because her attorney "actively misled" her that he had filed her original appeal. Assuming that is true (and Jennings provides documentary evidence for her contention), then

she was provided relief by the State court when she was allowed to file an out-of-time appeal.

Further, Jennings was aware by April 20, 2004, according to her own documentation, that an appeal had not been filed on her behalf. Even viewing the evidence in the light most favorable to Jennings, the *habeas* limitation period began to run on April 20, 2004. Unless Jennings filed an application as contemplated by 28 U.S.C. § 2244(d)(2) on or before April 20, 2005, to toll the period of limitation, any *habeas* corpus petition challenging the conviction would be filed too late. *See Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998).

In this case, Jennings' limitation period was tolled on June 16, 2004, when she filed her out-of-time appeal, but, in the meantime, 258 days had passed between the time she became aware an appeal had not been filed and the time of tolling. The limitation period was tolled during the remainder of the appeal process until December 16, 2005, when it began to run again. At the time the limitation period began to run again, 107 days remained.

However, Jennings allowed 277 days to elapse before she filed an application for post-conviction relief. The alleged failure of Jennings' trial attorney to follow her directive to file a direct appeal did not prevent her from filing her *habeas* petition timely with this Court. Jennings has offered no explanation or evidence to suggest that she is entitled to equitable tolling for any other reason. The Court agrees with the Magistrate Judge that Jennings' filing with this Court is untimely and barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

MONROE, LOUISIANA, this 21st day of July, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE