RECEIVED
IN MONROE, LA
NOV 2 0 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| KATHLEEN JENNINGS | CIVIL ACTION NO. 08-0304 |
| VS. | JUDGE ROBERT G. JAMES |
| MARIANA LEGER, WARDEN | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court, after remand, is a petition for writ of *habeas corpus* (28 U.S.C. §2254) [Doc. No. 1] filed by Kathleen Jennings ("Jennings"). For the following reasons, Jennings' petition is DENIED and DISMISSED WITH PREJUDICE.

## I. Procedural History

On February 29, 2008, Jennings filed the pending petition, attacking her 2003 conviction for second degree murder in the Fourth Judicial District Court, Morehouse Parish, State of Louisiana.

On May 13, 2008, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 4] recommending that the Court deny Jennings' petition as untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

On May 29, 2008, Jennings filed Objections to the Report and Recommendation [Doc. No. 5].

On July 21, 2008, the Court issued a Ruling and Judgment [Doc. Nos. 6 & 7], addressing Jennings' Objections. The Court adopted Magistrate Judge Hayes' analysis and conclusion that Jennings' petition was untimely filed.

In addition, the Court's Ruling specifically addressed Jennings' objection that she is entitled to equitable tolling. In her Report and Recommendation, Magistrate Judge Hayes found that:

> "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). **The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that she was prevented in any way from asserting her rights.**

[Doc. No. 4, p. 13] (emphasis added). However, Jennings argued in her Objections that this Court should apply equitable tolling because her attorneys "actively misled" her that they had filed her original appeal.

In its July 21, 2008 Ruling, first, the Court assumed that Jennings' statement was true, but found that Jennings was provided relief by the State court when she was allowed to file an out-of-time appeal.

Second, the Court found that, even if it applied equitable tolling, Jennings' petition was untimely filed. Based on her own documentation, Jennings was aware by April 20, 2004, that her attorneys never filed a direct appeal. Thus, under 28 U.S.C. § 2244(d)(2), Jennings was required to file her federal habeas petition on or before April 20, 2005, absent any further tolling. *See Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). In reviewing the timeliness of her filing, the Court incorrectly stated that 258 days passed between April 20, 2004, the time she became aware a direct appeal had not been filed, and June 16, 2004, when her attorneys filed an out-of-time appeal, tolling the federal limitations period. Because of this clerical error, the Court incorrectly concluded that Jennings' federal habeas filing was untimely, even if she were given the benefit of equitable tolling.

On September 25, 2008, Jennings filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit.

On October 20, 2008, in reviewing Jennings' request for a certificate of appealability, the

2

Court realized its error and requested a remand from the Fifth Circuit, pursuant to Federal Rule of Civil Procedure 60.

On November 4, 2008, the Fifth Circuit remanded the matter to this Court for further proceedings.

## II. Analysis

The Court agrees with and ADOPTS the Report and Recommendation of Magistrate Judge Hayes, but issues this separate Ruling solely to address Jennings' contention that she is entitled to equitable tolling based on her attorneys' failure to timely file a direct appeal on her behalf.

The ADEPA's limitations period is not jurisdictional, but the petitioner bears the burden of establishing that "rare and exceptional circumstances" entitle her to equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). "To be entitled to equitable tolling, [the petitioner] must show (1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1027, 1085, 166 L.Ed.2d 924, 933 (2007) (citation omitted); *see also Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (quoting same).

Jennings contends that extraordinary circumstances exist in this case because of the actions of her trial counsel. She contends that, at the conclusion of trial, she requested that her attorneys, Louis Scott and Roland Charles, file an appeal on her behalf. She had no contact with her trial attorneys during the eight months following her trial and was unaware that no appeal was filed. It was only after she contacted the Louisiana Appellate Project that she learned of her attorneys' failure. Although her attorneys then filed the appropriate motion and were able to obtain an out-of-

time appeal in state court, she contends that equitable tolling principles should apply in this case because she was deprived of eight months of the one-year period in which to file her federal habeas petition.

The Court disagrees. Jennings' conviction became final by operation of law on August 5, 2003, and, thus, without benefit of tolling, she had one year until August 5, 2004, to file her federal habeas petition. Despite having requested that an appeal be filed, Jennings took no action to inquire of the court system or of her own attorneys about the status of that appeal during the eight months following her conviction.

According to the documentation Jennings provided to the Court, she first wrote the Louisiana Appellate Project on April 6, 2004, inquiring about her appeal. She learned in correspondence from the Executive Director dated April 20, 2004, that an appeal had not been filed on her behalf.

Following this correspondence, Jennings made a written request for an appeal to her attorneys. Mr. Scott then moved for and obtained leave to file an out-of-time appeal for her in state court on June 16, 2004. The granting of this out-of-time appeal thus tolled the statute of limitations for filing her federal habeas petition. The appeal process continued to toll the limitations period until December 17, 2005, the day after the Louisiana Supreme Court denied writs.

However, Jennings still failed to file her federal habeas petition. Instead, she filed several motions in state court in January, March, and July, 2006, all seeking copies of documents and transcripts, and none of which served to toll the limitations period.

It was not until September 20, 2006, 277 days after the Louisiana Supreme Court denied writs, that Jennings filed an application for post-conviction relief in the Fourth Judicial District Court. By this time, the limitations period for filing a federal habeas petition had expired.

Under these circumstances, the Court finds that Jennings was not prevented in an extraordinary way from timely filing her federal habeas petition. While her trial attorneys may have misled Jennings about their intent to file an appeal on her behalf, she failed to inquire about the status of her appeal for eight months. When she did inquire about her state court appeal, an out-of-time appeal was filed, thus tolling the federal limitations period. At the conclusion of the appeal process, Jennings still had fifty days available in which to file her federal habeas petition. Her attorneys' delay in filing the state court appeal "do[es] not present extraordinary circumstances that made it impossible [for her] to timely file [her federal habeas] petition." *Lewis v. Cockrell*, 33 Fed. Appx. 704, 2002 WL 432658, *4 (5th Cir. March 5, 2002). Therefore, Jennings is not entitled to equitable tolling.

### III. Conclusion

For the foregoing reasons, the Court's July 21, 2008 Ruling and Judgment [Doc. Nos. 6 & 7] are VACATED. For the reasons stated in this Ruling and in the Report and Recommendation [Doc. No. 4] of Magistrate Judge Hayes, Jennings' petition [Doc. No. 1] is DENIED and DISMISSED WITH PREJUDICE as time-barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

MONROE, LOUISIANA, this ___19___ day of ___November___, 2008

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE