# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

KATHLEEN JENNINGS                    CIVIL ACTION NO. 08-0304

VERSUS                               JUDGE ROBERT G. JAMES

MARIANA LEGER, WARDEN                MAG. JUDGE KAREN L. HAYES

### RULING

Pending before the Court is a Motion to File Relief from Final Judgment in Accordance with Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion") [Doc. No. 66] filed by Kathleen Jennings ("Jennings").

## I.    Procedural History

On February 29, 2008, Jennings filed a Petition for Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, attacking her 2003 conviction in the Fourth Judicial District Court, Morehouse Parish, State of Louisiana, for the second degree murder of Joseph Ray. Jennings was sentenced to a mandatory life sentence without benefit of probation, parole, or suspension of sentence.[1]

On May 13, 2008, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 4] recommending that the Court deny Jennings' petition as untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

On May 29, 2008, Jennings filed Objections to the Report and Recommendation [Doc. No.

---

[1]Jennings robbed Ray, a clerk at a liquor store, and then shot him and cut his throat. A full accounting of the facts is set forth in *State v. Jennings*, 895 So.2d 767 (La. App. 2 Cir., 2005).

5].

On July 21, 2008, the Court issued a Ruling and Judgment [Doc. Nos. 6 & 7], addressing Jennings' Objections. The Court first adopted Magistrate Judge Hayes' analysis and conclusion that Jennings' petition was untimely filed. The Court then addressed Jennings' objection that she was entitled to equitable tolling because her attorneys "actively misled" her that they had filed her original appeal. Assuming that Jennings' statement was true, the Court found that Jennings was provided relief by the State court when she was allowed to file an out-of-time appeal. The Court found further that, even if it applied equitable tolling, Jennings' petition was untimely filed.

On September 25, 2008, Jennings filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit. On October 20, 2008, in reviewing Jennings' request for a certificate of appealability, the Court realized that it had erroneously calculated the time for filing her petition. Thus, the Court requested a remand from the Fifth Circuit, pursuant to Federal Rule of Civil Procedure 60.

On November 4, 2008, the Fifth Circuit remanded the matter to this Court for further proceedings.

On November 20, 2008, the Court issued a Ruling [Doc. No. 14] and Judgment [Doc. No. 15]. The Court found that Jennings was not prevented in an extraordinary way from timely filing her federal habeas petition. Therefore, the Court found that Jennings was not entitled to equitable tolling and dismissed her petition as untimely. The Court later denied a certificate of appealability.

Jennings timely appealed the Court's Ruling and Judgment to the Fifth Circuit.[2] The Fifth

---

[2] The timeliness of Jennings' appeal was unclear, so there were ancillary proceedings on this issue, but it was ultimately determined that her appeal was indeed timely. [Doc. Nos. 21, 22, 23 & 24].

Circuit granted a certificate of appealability, and, on review, reversed this Court. [Doc. No. 29].  The

Fifth Circuit found that the time for the commencement of the one-year limitation period had not

been properly determined and remanded for further proceedings.

On remand, the Court referred the Petition to Magistrate Judge Hayes for further proceedings.

On October 31, 2011, Magistrate Judge Hayes considered Jennings' substantive arguments, but

issued a Report and Recommendation [Doc. No. 46] recommending that the Petition be dismissed

with prejudice.  One of the arguments raised by Jennings was that her attorneys were ineffective for

failing to "adequately prepare, investigate, and present evidence to prove that Dr. George

McCormick . . . presented perjured testimony during [the] trial." [Doc. No. 35, p. 21].  Magistrate

Judge Hayes considered this claim, explaining as follows:

> Petitioner notes investigations into the office of the former Caddo Parish Coroner, Dr. McCormick, who died in 2005. *Id.*; see doc. # 35–2 at pp. 48–61 (newspaper clippings detailing Dr. McCormick's death and the subsequent investigation into the coroner's office); *see also* Robert D. Felder, A Coroner System in Crisis: The Scandals and Struggles Plaguing Louisiana Death Investigation, 69 La. L.Rev. 627, 629–30 (2009) (detailing the routine practices of Dr. McCormick). Petitioner also points to the testimony at another trial of Lisa Hayes, former Investigator for Dr. McCormick, who admitted to performing hundreds of autopsies over a seven-year period, although she was not a licensed physician. *See* Felder, *supra* at 629. Ms. Hayes further admitted to signing Dr. McCormick's name to autopsies that she had performed.  *Id.*

> Petitioner argues that her attorneys somehow knew about the practices in Dr. McCormick's office, and that they therefore should have "investigated the actual determination of Joseph Ray's cause of death, as well as the procedures and protocols used in determining his death." Doc. # 35, pp. 22–23.  However, petitioner fails to explain why her attorneys should have known of Dr. McCormick's practices or the alleged perjury at the time of trial. The investigation apparently did not take place until after Dr. McCormick's death in September of 2005, over two years after the conclusion of petitioner's trial. See Doc. # 35–2 at pp. 48–61.

> In addition, petitioner states that she does not dispute that the victim's death resulted

3

from a gunshot wound.[3]  *Id.* at p. 24.  As petitioner concedes that the cause of death was a gunshot wound, it does not follow that her attorneys should have conducted further investigation into the cause of death. Even if counsel could have raised questions about who performed the autopsy or whether it included conflicting statements, there is no objectively reasonable basis to believe that it would have changed the outcome of petitioner's trial. It is therefore recommended that petitioner's claim of ineffective assistance of counsel be DENIED.

[Doc. No. 46, pp. 7-8].

The Court, after review of the complete record, adopted the Report and Recommendation and dismissed Jennings' Petition.  The Court denied a certificate of appealability.

Jennings again appealed to the Fifth Circuit.  The Fifth Circuit denied a certificate of appealability on October 29, 2012.[4] [Doc. No. 64].

No further filings were made in this case until Jennings filed the instant motion on November 3, 2014.  The motion was set for hearing before the Court, but no response was filed by the State.

## II.    Analysis

Rule 60(b) of the Federal Rules of Civil Procedure provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively

---

[3]Jennings contends that she was trying to sell a gun to the victim when it accidentally discharged. [Doc. No. 66-1, p. 26].

[4]Jennings states in the instant motion that she appealed to the "Louisiana Fifth Circuit where petitioner's claims are still pending." [Doc. No. 66, p. 9].  Her appeal was to the United States Court of Appeals for the Fifth Circuit, not the Louisiana Fifth Circuit, and that appeal is no longer pending.

is no longer equitable; or (6) any other reason that justifies relief.  FED. R. CIV. P. 60(b)(1)-(6).

However, a Rule 60(b) motion may be construed as a second and successive *habeas* petition

under 28 U.S.C. § 2254.  The Fifth Circuit has explained how to differentiate the two filings:

> A motion is substantive—and thus a successive habeas petition—if it "seeks to add
> a new ground for relief," or if it "attacks the federal court's previous resolution of a
> claim on the merits, since alleging that the court erred in denying habeas relief on the
> merits is effectively indistinguishable from alleging that the movant is, under the
> substantive provisions of the statutes, entitled to habeas relief." . . . If, however, the
> motion challenges "not the substance of the federal court's resolution of a claim on
> the merits, but some defect in the integrity of the federal habeas proceedings," then
> a Rule 60(b) motion is proper. . . .

*In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (citations omitted); *see also Ruiz v. Quarterman*,

504 F.3d 523, 526 (5th Cir. 2007) (A Rule 60(b) motion actually asserts a *habeas* claim "when it

presents a new claim for relief, or when it presents new evidence in support of a claim already

litigated, . . . or when it asserts a change in the substantive law governing the claim, or when it

attacks the federal court's previous resolution of a claim on the merits.").

In this case, Jennings moves for relief on the basis that she has "new evidence and

constitutes [sic] that fraud, whether intrinsic or extrinsic, misrepresentation, or other misconduct of

an adverse party are express grounds for relief under [Rule 60(b)]." [Doc. No. 66, pp. 1-2].  In her

memorandum, Jennings clarifies that she

> has recognized through case review and legal research  . . . that the expert witness,
> Dr. George McCormick[,] and a government witness[,] Ms. Lisa Hayes[,] were not
> truthful with the court.  Additionally, given case review petitioner also denotes
> portion of the transcript regarding testimony that is untrue and the parties are
> persuaded by the government to change their initial statements with law enforcement
> to fit the needs of the government whereby the government would secure a life
> sentence for the petitioner.

[Doc. No. 66-1, p. 4].  Jennings' lengthy memorandum is largely centered on the testimony of Dr.

McCormick and Ms. Hayes.  Jennings argues that her trial counsel provided ineffective assistance because he should have sought to exclude the testimony of Dr. McCormick under *Daubert* and that the testimony of Ms. Hayes "should have come into question in the instant case." [Doc. No. 66-1, p. 14].  She contends that Dr. McCormick's and Ms. Hayes' testimony constituted testimonial hearsay and was problematic for a number of reasons.

Additionally, Jennings attacks her conviction on other grounds.  She contends that her trial counsel was ineffective for failing to file a motion *in limine* or motion to suppress "statements made by Jennings prior to her arrest and before she was mirandized [sic] or before she was appointed counsel" and for failing to impeach and file a motion *in limine* to exclude the testimony of witnesses Tyrone Cobbs and Edith Grogan.  [Doc. No. 66-1, p. 15].  She also contends that the State failed to provide *Brady* material, including any material based on its alleged knowledge of the conduct of Dr. McCormick.

After having fully reviewed the record in this matter and Jennings' motion, the Court finds no newly discovered evidence that, with reasonable diligence, could not have been discovered earlier.  Instead, Jennings has clearly brought a second and successive petition for writ of *habeas corpus* to collaterally attack her state court conviction.  She either asserts claims that were raised in the previous *habeas* petition or new claims that could have been brought in that petition.  The Court has no authority to grant the relief requested.  Jennings must seek leave of the Fifth Circuit to file her second and successive petition.

**III.    Conclusion**

For the foregoing reasons, Jennings' motion [Doc. No. 66] is TRANSFERRED to the Fifth Circuit for consideration.

6

MONROE, LOUISIANA, this 15th day of January, 2015.

**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**